886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sabiono ARAIZA; Henry Dinkelmann; Robert P. Jones;
William L. Shortridge; Raymond Moniz; Francis A.
Woodcock; Plaintiffs,
William J. Florida; Plaintiff-Appellant,
v.
KNAPP KING-SIZE CORPORATION, Defendant-Appellee.
 No. 88-1940.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William J. Florida, a pro se Michigan plaintiff, appeals the judgment for defendant in this diversity contract action. Florida and his partner and five other franchisees of defendant from various states originally filed suit in Texas in 1982, alleging breach of contract, fraud, and Sherman Act violations by the defendant. Defendant, meanwhile, filed for arbitration in Boston, where it has its headquarters. Each plaintiff was transferred to their home states, plaintiff's case being sent to Michigan. The parties then jointly moved to hold the case in abeyance pending the outcome of arbitration. However, the arbitration proceedings were dismissed after the parties reached a settlement agreement and signed general release forms. Florida then contested the dismissal of this action. The district court held a bench trial, after which it concluded that the release was valid and binding, and entered judgment for defendant. Plaintiff, who was represented by counsel below, requested in forma pauperis status for appeal purposes, which the district court denied; he did not renew his motion for in forma pauperis status in this court. However, he moves that the transcript of the bench trial be provided at government expense. He also requests sanctions under Fed.R.Civ.P. 11, while defendant requests damages and costs pursuant to Fed.R.App.P. 38.
 
 
 3
 Upon consideration, we conclude that this case was properly dismissed, due to the valid release signed by plaintiff. His argument that the arbitration proceedings were commenced in the wrong forum does not affect the validity of the settlement agreement. His alternate argument that his attorney delivered the release to defendant before all the terms of the settlement were fulfilled is not supported by the record. Furthermore, even if that were the case, defendant would nevertheless be entitled to enforcement. See Capital Dredge and Dock Corp. v. City of Detroit, 800 F.2d 525, 530-31 (6th Cir.1986).
 
 
 4
 Plaintiff's request for transcript must be denied as he is not proceeding in forma pauperis. See 28 U.S.C. Sec. 753(f). Moreover, the record is sufficient to affirm the district court's judgment. Plaintiff's reliance on a letter from defendant's attorney which he claims contradicts his trial testimony is misplaced, as the letter contains an earlier settlement offer which plaintiff rejected, and does not bear on the settlement agreement in dispute. Florida's request for sanctions must also be denied, as this court cannot impose sanctions under Rule 11 for actions taken in the district court. See Webster v. Sowders, 846 F.2d 1032, 1040 (6th Cir.1988). We do not find that the circumstances of this case merit granting defendant's request for damages and costs pursuant to Fed.R.App.P. 38.
 
 
 5
 Accordingly, the motions for transcript, sanctions and damages are hereby denied, and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.